IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SAAVEDRA,          )<br>                                            )<br>            Plaintiff(s),             )<br>                                            )<br>   vs.                                    )<br>                                            )<br>EDWARD ALAMEIDA, JR., et al., )<br>                                            )<br>            Defendant(s).          )<br>_____)   | No. C 05-4445 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Doc # 2) |

Plaintiff, a state prisoner currently incarcerated at the California Correctional Institution in Tehachapi ("CCI"), has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging various violations of his federal rights while incarcerated at Salina Valley State Prison ("SVSP").

Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff claims denial of access to the courts, retaliation and denial of an adequate administrative appeals process while he was incarcerated at SVSP.

Plaintiff first alleges that prison officials violated his right of access to the courts when they failed to give him access to materials essential for his timely filing of a petition for a writ of certiorari in the Supreme Court of the United States.  The allegations fail to state a § 1983 claim for denial of access to the courts because a review of the pertinent court records makes clear that the proposed petition for a writ of certiorari was wholly without merit.

To establish a claim for any violation of the right of access to the courts, a prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-55 (1996).  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 354-55. Here, the claims plaintiff intended to present to the Supreme Court in a petition for a writ of certiorari were those he had unsuccessfully presented to the district court in a petition for a writ of habeas corpus.  See Saavedra v. McGrath, No. CV-01-06606-ABC(RC) (C.D. Cal. Sept. 17, 2002) (order denying petition for a

writ of habeas corpus).  When he attempted to appeal the district court's decision, the district court certified that the appeal had not been taken in good faith and denied a certificate of appealability.  The Ninth Circuit also denied a certificate of appealability and a subsequent request for rehearing/reconsideration.  See Saavedra v. McGrath, No. 03-55324 (9th Cir. May 14 and Aug. 1, 2003) (orders denying requests for certificate of appealability and rehearing/reconsideration).  Plaintiff's attempt to seek further review in the Supreme Court cannot be said to have been non-frivolous.

     Plaintiff next alleges that prison officials retaliated against him for providing "jail-house lawyer" assistance to other inmates and for filing grievances.  In support, he lists numerous adverse actions he suspects must have been taken in retaliation for his First Amendment activities.  Plaintiff's allegations will not do.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff's conclusory allegations fall short of satisfying these basic elements.  Moreover, plaintiff need not be provided with an opportunity to cure this deficiency at this time because the record makes clear that he did not exhaust available administrative remedies with respect to his retaliation claim (as opposed to his other claims, which he clearly exhausted).  Plaintiff's retaliation claim is dismissed without prejudice.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner

fully exhausts while the suit is pending).

Finally, plaintiff alleges that prison officials denied him an adequate administrative appeals process and administrative remedies. Plaintiff's allegations fail to state a claim under § 1983 because it is well-established that there is no constitutional right to a prison administrative appeal system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). And a state's creation of a prison administrative appeal system does not implicate a liberty interest protected by the Due Process Clause. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison appeal process is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same).

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file. No fee is due.

SO ORDERED.

DATED: March 6, 2006

CHARLES R. BREYER
United States District Judge